# Law Firm of Austen O. Ugweches

*Attorney and Counselor-At-Law*
217 Broadway, Suite 606,
New York, NY 10007.

Telephone: (646) 684-6940
E-mail: austenug@gmail.com

<u>VIA THE ECF FILING</u>:                           July 18, 2022

Hon. Chief Magistrate Judge Cheryl L. Pollak,
United States District Court,
The Eastern District of New York,
Courtroom 6G North,
225 Cadman Plaza East,
Brooklyn, NY 11201;

and

Orla G. Thompson, Esq.,
PERKINS COIE LLP,
Attorneys for all named defendants,
1155 Avenue of the Americas, 22nd Floor,
New York, NY 10036-2711
Email: othompson@perkinscoie.com

    Re: The Proposed Amended Complaint, Matthew Bailey, Index # 1:22-cv- 01211

Your Honor:

As you discussed in our teleconference on July 15, 2022, please see the PROPOSED AMENDED COMPLAINT being uploaded at the ECF, as you so directed, in order to review same and see if it is acceptable for filing with the Court.

And since it is being uploaded online at the ECF on your directive, we respectfully ask that the appearing defendants' counsels review same for acceptance. A copy is being emailed directly to Orla Thompson, Esq., the file handling defense attorney herein.

Thus, plaintiff's counsel herein respectfully requests that this proposed Amended Complaint be accepted for filing with the Court as it corrected the defendants' product brand name, and specifically alleged the two individual defendants' roles in the action.

And since the two defendants did <u>not</u> answer the original Complaint, other than their attorneys' notice of appearance on the action, we respectfully point out that acceptance of the within Amended Complaint would cure their <u>default</u>, and would allow them to now interpose their Answer, for which plaintiff would accept in good-faith.

Thank you for your courtesies and anticipated cooperation herein.

Respectfully submitted,

Austen O. Ugweches, Esq.,
Attorney of record for Plaintiff herein.

*Enclosures:* The Proposed Amended Complaint on the within action.

IN THE UNITED STATES DISTRICT COURT,
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
MATTHEW JAMES BAILEY,                    Index Number: 1:22-cv-01211

              Plaintiff,

       -against-                            Hon. Eric Komitee

RECREATIONAL EQUIPMENT, INC., a/k/a R.E.I.
d/b/a REI CO-OP, ERIC ARTZ, Individually, and
ANTHONY TRUESDALE, Individually,

              Defendants.
-----------------------------------------------------------------x

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, MATTHEW JAMES BAILEY, by his attorneys, the Law Office of Austen O. Ugweches, complaining of the defendants herein, respectfully alleges, upon information and belief, as follows:

1. That at all times hereinafter mentioned, plaintiff was and still is a resident of the County of Queens, State of New York.

2. That at all times hereinafter mentioned, defendant RECREATIONAL EQUIPMENT, INC., d/b/a REI CO-OP, (hereinafter REI), was and is a foreign business corporation duly organized and existing pursuant to the laws of the State of Washington, and is authorized to do business in the State of New York, and maintains a business location in New York.

3. That at all times hereinafter mentioned, that defendant REI Co-op, a WA Miscellaneous and Mutual Corporation, conducts online business and is engaged in online public retail marketing of various sporting equipment for the retail sale of outdoor gear and apparel.

4. That defendant ERIC ARTZ is an individual believed to be a domiciliary of the State of Washington and maintains an office in the State of Washington, and is a non-resident of New York.

5. That defendant ANTHONY TRUESDALE is an individual believed to be a domiciliary of the State Arizona, but maintains an office in Washington State and is a non-resident of New York.

6. That at all times hereinafter mentioned, defendant ERIC ARTZ is the corporate defendant REI Co-op's chief executive officer, CEO, and an individual "governor" of defendant REI, which owns the business entity REI located in its corporate headquarters at 1700 45th Street East, Sumner, WA 98352, USA.

7. That at all times hereinafter mentioned, defendant ANTHONY TRUESDALE is a corporate board member or director and/or an individual "governor" of defendant REI, which owns the business entity REI Co-op located in its corporate headquarters at 1700 45th Street East, Sumner, WA 98352, USA.

8. That at all times hereinafter mentioned, defendant REI owned the business entity known as REI Co-op.

9. That at all times hereinafter mentioned, defendant REI operated the business entity known as REI Co-op.

10. That at all times hereinafter mentioned, the defendant REI controlled the business entity known as REI Co-op.

11. That at all times hereinafter mentioned, the defendant REI maintained the business entity known as REI Co-op.

12. That all times hereinafter mentioned, individual defendant ERIC ARTZ, the Chief Executive Officer and a corporate officer of defendant REI Co-op believed to be the alter-ego of defendant Artz, directly participated and through an agent and/or employees of defendant REI, directed or caused to direct the transactions of online business to supply goods or products in the State of New York.

13. That at all times hereinafter mentioned, individual defendant ANTHONY TRUESDALE, a corporate director, also known to defendant REI Co-op as a "governor", and a corporate officer of defendant REI Co-op believed to be the alter-ego of defendant Truesdale, directly participated and through an agent and/or employees of defendant REI Co-op, directed or caused to direct the transactions of online business to supply goods or products in the State of New York.

14. That at all times hereinafter mentioned, all named defendants herein, REI Co-op, ERIC ARTZ and ANTHONY TRUESDALE participated and directed the online marketing, selling and distribution of the REI Co-op's products, and were responsible for the staffing and supervision of the employees and/or agents of the REI Co-op business entity.

15. Specifically, that defendant ERIC ARTZ, acting as an individual for his alter-ego REI Co-op, participated and caused or directed the defendant REI Co-op employees and staff to act as his agent in the marketing, selling and distribution of the defendant REI defective trekking poles

purchased by the plaintiff's spouse and used by plaintiff to trek the mountain trails for the product's purpose.

16. Specifically, that defendant ANTHONY TRUESDAL, acting as an individual for his alter-ego REI Co-op, participated and caused or directed the defendant REI Co-op employees and staff to act as his agent in the marketing, selling and distribution of the defendant REI defective trekking poles purchased by plaintiff's spouse and used by plaintiff to trek the mountain trails for the product's purpose.

17. That this action was originally commenced in a State Court at the New York Supreme Court/Queens County under the *Index Number 701709/2022*, but the action was removed by the defendants' appearing attorneys to the Federal Court, at this Court, the Eastern District Court of New York, EDNY, on or about March 5, 2022.

18. That the two named individual defendants herein, ERIC ARTZ and ANTHONY TRUESDALE were separately and personally served with the process papers on the within lawsuit outside of New York in the State of Washington.

19. That as such, this Court has and maintains both the personal and subject matter jurisdictions over all the named defendants herein under the New York Article 3 of the Civil Practice Law and Rules, CPLR, Section 302(a)(1).

20. That at all times hereinafter mentioned, the named defendants herein manufactured or caused to be manufactured, online marketed, sold and distributed their REI Co-op Trailbreak Trekking Poles to the plaintiff's spouse for the consumer plaintiff MATTHEW JAMES BAILEY's use of said certain sports activity mountain hiking and/or trekking poles or

sticks/staff known as the "REI Co-op Trailbreak Trekking Poles Pair" in an online sale with the defendants' purchase receipt number #A217611384 on or about April 29, 2021.

21. That the aforementioned defendants' aforementioned product were defective for a product liability causes of action in the design, manufacturing, marketing, selling, and distribution when all the named defendants herein put those trekking poles were in the chain of commerce and sold them online to the plaintiff's spouse for plaintiff use.

22. That all named defendants sued herein online-marketed and misrepresented their defective product as "REI CO-OP TRAILBREAK 7075T6 Trekking Poles Pair", for which the defendants marketed the trekking poles product as **"put more support on the ground for extra balance on your harder hikes with the REI Co-op Trailbreak Trekking poles. They adjust easily to fit you and the terrain"**.

23. That on or about April 29, 2021, the plaintiff's spouse purchased the defendants' defective product online as alleged above, and received such product known as the REI Co-op Trailbreak Trekking Poles, which were shipped to the plaintiff's residence in New York by the named defendants herein.

24. That on or about October 11, 2021, plaintiff used the aforementioned defendants' trekking poles product as designed for trekking the mountains trails, but the trekking poles product failed when it <u>suddenly bent</u> and gave way, causing plaintiff Matthew Bailey to be violently precipitated to the ground and fall on hard mountain rocks, and caused him to sustain severe and serious injuries to his body requiring surgery procedures and physical therapy rehabilitations, and other damages.

25. That on or about October 11, 2021, at approximately 2:20 pm, in the New York Catskills mountains located at Shandaken, New York, 12457, the defendants' defective product of the REI Co-op Trailbreak Trekking Poles suddenly bent and gave way while in use for their purpose in trekking at the location, causing plaintiff herein to be violently precipitated and fell hard on the rocky grounds thereat, thereby seriously injuring his body parts, inclusive of shoulder arm fractures and other serious injuries.

26. At all times hereinafter mentioned, defendants failed to have properly designed and manufactured product as aforementioned, marketed and sold the trekking poles product, and were reckless in the false descriptions of the product in a tortious misrepresentation of their defective product, and are thereby liable to plaintiff herein under both the New York law for products liability and the Uniform Commercial Code, UCC, concept of product liability for strict liability, tortious misrepresentation, breach of implied warranty and negligence caused solely by the defendants without any contributing factor whatsoever on the part of plaintiff on the defendants' defective product liability; the defendants herein are strictly liable for their product defect; the defendants breached their duty to market and sell safe products when they marketed their REI Co-op Trailbreak Trekking Poles designed for trekking so it was reasonably safe, and for which the product defective design and marketing was the substantial factor in causing the within plaintiff's severe and serious injuries, which included fractures and surgery procedures and other damages thereof. See *Codling v. Paglia* decision, 32 N.Y.2d 330; *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102.

27. That on or about November 9, 2021, a claim demand was made upon the defendants to adjust and resolve the within plaintiff's claim and causes of action in good-faith by a demand

letter served upon them and receipt thereof was signed by their authorized representative on November 17, 2021; defendants failed to so adjust and resolve the claim and completely ignored the plaintiff's bona fide claim.

## **AS AND FOR A FIRST CAUSE OF ACTION**

28. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" as if set forth in full and at length herein.

29. That in the course of its aforementioned activities, the named defendants herein, their agents, servants and/or employees performed the design, manufacturing, marketing and other commercial retail services for their customers and online purchasers of their products as is relevant and necessary to the conduct of their business.

30. That at all times hereinafter mentioned, the defendants, their agents, servants and/or employees had a duty to properly perform the designing, manufacturing and marketing of their product for their customers in a safe and harmless manner.

31. That by reason of the defective product design, wrongful, negligent and unlawful actions of the defendants herein, through its agents, servants and/or employees as aforesaid, plaintiff herein was severely injured by falling when the trekking poles suddenly bent and caused him to fall hard on mountain rock surfaces and fracturing his shoulder arm, bruises, wounded and suffered, still suffers and will continue to suffer for some time, great physical and psychological pains and great bodily injuries, and had became sick, sore, lame and disabled and so remained for a considerable period of time.

32. That plaintiff sustained the aforesaid injuries wholly and solely due to the negligence of the defendants and/or their agents, servants and/or employees, without this plaintiff in any way contributing thereto.

33. The amount of damages sought in this Cause of Action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" as if set forth in full and at length herein.

35. That when the defendants poorly designed, manufactured and marked the defective trekking poles, as well as hired personnel to perform services, defendants had a duty to properly design and warn its product users of any danger or harm in using such product, as well as hire employees who were qualified to so perform such duties.

36. At all times hereinafter mentioned, defendants failed to properly hire employees fit to perform safe product design, manufacture, marketing and other commercial retail services.

37. That as a result thereof plaintiff MATTHEW JAMES BAILEY was caused to sustain grave injuries to his body and other damages as set forth above.

38. The amount of damages sought in this Cause of Action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" as if set forth in full and at length herein.

40. Defendants had a duty to properly design their trekking poles product, manufacture and market them as well as supervise their employees and/or agents who performed such services.

41. That as a result thereof plaintiff MATHEW JAMES BAILEY was caused to sustain serious injuries body, pain and suffering, loss of earnings and other damages, inclusive of hospital expenses, physicians expenses, medical expenses and out of pocket expenses.

42. The amount of damages sought in this Cause of Action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff MATTHEW JAMES BAILEY respectfully demands judgment against all named defendants herein, REI Co-op, ERIC ARTZ and ANTHONY TRUESDALE, in the First Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; in the Second Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; and in the Third Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction for an amount which will be determined at trial; alternatively, plaintiff herein seeks judgment in the amount of three million five hundred thousand dollars, ($3,500,000.00), or an amount to be determined at trial of this action, together with the costs and disbursements of this action, and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       July 15, 2022.

Yours, etc.,
LAW FIRM OF AUSTEN O. UGWECHES

By: Austen Ugweches, Esq.,
Attorney for Plaintiff herein
217 Broadway, Suite 606,
New York, NY 10007
Phone: (646) 684-6940
Email: autenug@gmail.com

To:
All Named Defendants Herein Via Service Upon Their Appearing Attorneys:
Orla G. Thompson, Esq.
V.L. Woolston, Esq.,
PERKINS COIE LLP,
Attorneys for all defendants herein,
1155 Avenue of the Americas, 22nd Floor,
New York, NY 10036-2711
Telephone: 332-223-3932
Email: othompson@perkinscoie.com

RECREATIONAL EQUIPMENT, INC.,
c/o PERKINS COIE LLP,
Attorneys for the defendants

ERIC ARTZ,
c/o PERKINS COIE LLP,
Attorneys for all defendants herein

ANTHONY TRUESDALE,
c/o PERKINS COIE LLP,
Attorneys for all defendants herein

## ATTORNEY'S VERIFICATION

I, the undersigned, an attorney admitted to practice law before the Courts in the State of New York State, and says that:

I am the principal at the Law Firm of Austen O. Ugweches, attorney of record for the plaintiff.

I have read the foregoing Complaint and know the contents thereof, and same are true based on the knowledge gleaned from my review of the case file maintained by the law office, except as to those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief as to those matters therein not stated upon knowledge is based upon the following:

Case interviews and/or discussions with the plaintiff, and papers and/or documents in the case file.

The reason I make this affirmation instead of plaintiff is because said plaintiff resides outside of the county from where your affirmant/deponent maintains his office for the practice of law.

Dated: New York, New York
       July 15, 2022.

_____
Austen Ugweches, Esq.

IN THE UNITED STATES DISTRICT COURT,
FOR THE EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x
MATTHEW JAMES BAILEY,

                Plaintiff,

-against-

RECREATIONAL EQUIPMENT, INC., a/k/a R.E.I.
d/b/a REI CO-OP, ERIC ARTZ, Individually, and
ANTHONY TRUESDALE, Individually,

                Defendants.
--------------------------------------------------------------------x
MATTHEW JAMES BAILEY

                Plaintiff,

-against-

RECREATIONAL EQUIPMENT, INC., a/k/a R.E.I.
d/b/a REI CO-OP, ERIC ARTZ, Individually, and
ANTHONY TRUESDALE, Individually,

              Defendants.
--------------------------------------------------------------------x

Index Number: 1:22-cv-01211

Hon. Eric Komitee

**CERTIFICATION**
**Pursuant to 22 NYCRR,**
**Section 130-1.1-a**

      I hereby certify pursuant to 22 NYCRR Section 130-1.1-a that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers listed below or the contentions therein are not frivolous as defined in 22 NYCRR Section 130-1.1(c).

Dated: New York, New York
       July 15, 2022

                                                      Austen Ugweches, Esq.

# IN THE UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

MATTHEW JAMES BAILEY,

                Plaintiff,

-against-

RECREATIONAL EQUIPMENT, INC., a/k/a R.E.I. d/b/a REI CO-OP, ERIC ARTZ, Individually, and ANTHONY TRUESDALE, Individually,

                Defendants.

-----------------------------------------------------------------x

Index Number: 1:22-cv-01211

Hon. Eric Komitee

**AMENDED COMPLAINT**

*AMENDED COMPLAINT*

Yours, etc.,

LAW FIRM OF AUSTEN O. UGWECHES

By: Austen Ugweches, Esq.,
Attorney for Plaintiffs herein,
217 Broadway, Suite 606,
New York, NY 10007.
Phone: 646-684-6940
Email: austenug@gmail.com