```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 MATTHEW JAMES BAILEY,

                    Plaintiff,            MEMORANDUM & ORDER
                                          22-CV-1211(EK)(CLP)

         -against-

 RECREATIONAL EQUIPMENT, INC. a/k/a
 R.E.I. d/b/a REI CO-OP, ERIC ARTZ,
 Individually, and ANTHONY TRUESDALE,
 Individually,

                    Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Plaintiff Matthew Bailey brings this products liability action against retailer Recreational Equipment, Inc. ("REI"). He also sued two individual defendants: Eric Artz, REI's CEO; and Anthony Truesdale, a member of REI's board of directors. Bailey alleges that on October 11, 2021, while hiking in New York's Catskill Mountains, his REI trekking poles bent and gave way, causing him to fall. Bailey suffered broken bones and required surgery. The complaint seeks monetary relief.

        Artz and Truesdale now move to dismiss Bailey's claims for lack of personal jurisdiction and failure to state a claim, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively. As set forth below, Bailey's

claims against Artz and Truesdale are dismissed under Rule 12(b)(2). Given that conclusion, there is no need to reach the question of whether Bailey has stated a claim for purposes of Rule 12(b)(6).

## I. Background

The facts herein are taken from the complaint and the declarations submitted in support of (and opposition to) the Rule 12(b)(2) motion. *See Brady v. Basic Research, LLC*, 101 F. Supp. 3d 217, 229 (E.D.N.Y. 2015) ("In considering a motion to dismiss for lack of personal jurisdiction, a court may rely on materials beyond the pleadings."); *see also Phillips v. Reed Group, Ltd.*, 955 F. Supp. 2d 201, 225 (S.D.N.Y. 2013) (when considering a Rule 12(b)(2) motion, a court may consider "affidavits and other supporting materials submitted in relation to the motion").

On or about April 29, 2021, Bailey's spouse purchased REI's Trailbreak 7075T6 Trekking Poles via the company's website.[1] The poles were subsequently shipped to Bailey's residence in Queens County, New York. Am. Compl. ¶ 1, ECF No. 17 (Bailey resides in Queens); *id.* ¶ 23 (poles were shipped to Bailey's residence). On or about October 11, 2021, Bailey used

---

[1] While the operative complaint does not state explicitly whether Bailey's spouse, Daniel Iliescu, purchased the poles through REI's website or that of a third-party, Iliescu stated in a declaration that he purchased the poles via REI's website. *See* Decl. of Daniel Iliescu ¶ 3, ECF No. 28-1.

the poles while hiking in the Catskill Mountains in Shandaken, New York.  *Id.* ¶¶ 24-25.  During the hike, the poles "suddenly bent and gave way," causing Bailey to "f[a]ll hard on the rocky grounds."  *Id.* ¶ 25.  As a result of his fall, Bailey suffered "serious injuries," including "shoulder arm fractures."  *Id.*  Bailey required unspecified "surgery procedures" and physical therapy.  *Id.* ¶ 24.

Bailey's allegations concerning the actual conduct of Artz and Truesdale are high-level, generic, and repetitive.  He asserts that the two executives "participated [in] and directed the online marketing, selling and distribution" of REI's products, including the trekking poles at issue, *id.* ¶ 14; that they were "responsible for the staffing and supervision of the employees and / or agents" of REI, *id.*; that each "caused or directed" REI "employees and staff to act as his agent in the marketing, selling and distribution" of the trekking poles, *id.* ¶¶ 15-16; and that the "named defendants herein" — including Artz and Truesdale — "manufactured" the trekking poles "or caused [them] to be manufactured."  *Id.* ¶ 20.

## II.  Legal Standard

To survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant[s]."  *Metropolitan Life Ins. Co. v. Robertson-Ceco*

*Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).[2] Evidentiary hearings are not generally required. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 153 (2d Cir. 1999). When a court chooses not to hold such a hearing, the plaintiff "need only make a *prima facie* showing of personal jurisdiction." *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008). A court must construe the complaint and supplemental materials in the light most favorable to the plaintiff. *Id.*

### III. Discussion

A federal court in New York may exercise personal jurisdiction over a non-resident defendant only if the defendant has contacts with New York sufficient to satisfy both the New York long-arm statute, N.Y. C.P.L.R. § 302, and the Due Process Clause of the Fourteenth Amendment. *See*, *e.g.*, *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007). The moving defendants contend that the exercise of personal jurisdiction would contravene both the Due Process Clause and the New York statute. Before considering due process, a court should first determine whether the long-arm statute is satisfied. *Id.*

Bailey asserts jurisdiction over Artz and Truesdale — who are residents of Washington State and Arizona, respectively, Am. Compl. ¶¶ 4-5 — pursuant to N.Y. C.P.L.R. § 302(a)(1). *Id.*

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

¶ 19 (citing Section 302(a)(1)); *see also* Pl. Mem. in Opp. to Mot. to Dismiss ("Pl. Br.") 13, ECF No. 27 (same).  Under that provision, a court may exercise personal jurisdiction over any non-resident who, "in person or through an agent," "transacts any business within the state or contracts anywhere to supply goods or services in the state."  N.Y. C.P.L.R. § 302(a)(1).  Despite the complaint's allegations sounding in products liability, Bailey does not invoke Section 302(a)(2) (relating to the commission of "a tortious act within the state").[3]

To determine whether jurisdiction exists under Section 302(a)(1), "a court must decide (1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action arises from such a business transaction."  *Best Van Lines*, 490 F.3d at 246.  A defendant transacts business in New York when he engages in "some act by which [he] purposefully avails [him]self of the privilege of conducting activities within the . . . State, thus invoking the benefits and

---

[3] Given that Bailey bears the burden to establish jurisdiction, *see Metropolitan Life*, 84 F.3d at 566, the Court will not consider a basis for jurisdiction that he does not raise.  *See, e.g., Infinity Consulting Grp., LLC v. Am. Cybersystems, Inc.*, No. 09-CV-1744, 2010 WL 2267470, at *3 (E.D.N.Y. May 30, 2010) ("the Court will not find jurisdiction *sua sponte*"); *cf. Maranga v. Vira*, 386 F. Supp. 2d 299, 309–10 (S.D.N.Y. 2005) (because plaintiffs bear the burden to establish jurisdiction, "the Court will not find jurisdiction based [on] an argument that has not been explicitly made by Plaintiffs").

5

protections of its laws." *McKee Elec. Co. v. Rauland-Borg Corp.*, 229 N.E.2d 604, 607 (N.Y. 1967).[4]

Artz and Truesdale submitted declarations and other supporting materials in tandem with their motion to dismiss. *See* ECF No. 26-1. Bailey also submitted declarations — his own and his spouse's. *See* ECF No. 28-1. Neither party has requested a hearing, and the Court sees no material factual dispute on the current record.[5] Treating all of Bailey's assertions as true, they are inadequate to support the exercise of personal jurisdiction over Artz or Truesdale under Section 302(a)(1). This conclusion holds when considering the allegations of the individual defendants' personal involvement, allegations regarding their "agents," and Bailey's undeveloped "alter-ego" theory, as discussed below.

**A.   Agency Theory of Personal Jurisdiction**

Reading the complaint's allegations charitably, Bailey suggests that Artz and Truesdale both transacted business in New

---

[4] The Second Circuit has noted the overlap between this statutory test and the constitutional standard for due process: "New York decisions, at least in their rhetoric, tend to conflate the long-arm statutory and constitutional analyses by focusing on the constitutional standard: whether the defendant's conduct constitutes purposeful availment." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 169 (2d Cir. 2010).

[5] Bailey notes the Court may order discovery or hold a hearing, *see* Pl. Br. 15-16, but he has not actually requested either.

6

York personally and through (unnamed) agents.[6] *See* Am. Compl. ¶ 15 (Artz "participated [in] and caused or directed the defendant REI Co-op employees and staff to act as his agent in the marketing, selling and distribution" of the poles); *id.* ¶ 16 (same for Truesdale).

A court may impute corporate acts undertaken by others to an individual defendant under an agency theory where "(1) the [agent] engages in purposeful activity in the forum state that relates to the transaction underlying the lawsuit, (2) the [agent]'s activity was taken for the benefit of and with the knowledge and consent of the defendant, and (3) the defendant exercised some control over the [agent's] purposeful activity." *Jonas v. Est. of Leven*, 116 F. Supp. 3d 314, 328 (S.D.N.Y. 2015) (citing *Kreutter v. McFadden Oil Corp.*, 522 N.E.2d 40, 44 (N.Y. 1988)). Here, Bailey does not name any particular in-state agent upon whose actions he relies, let alone specify what in-state business they transacted. It should go without saying that under those circumstances, he has not adequately pleaded an agency theory. *See First Cap. Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 395 (S.D.N.Y. 2002)

---

[6] Bailey's only seeming mention of a particular "agent" comes by way of an oblique reference to employees at REI's Manhattan store. *See* Pl. Br. 14-15 (discussing the exercise of jurisdiction over a "nondomiciliary defendant of a non-domiciliary corporation with agents in New York, (as the defendants herein do in having a New York store location)") (typos in original). But Bailey levels no allegation that any store employee participated in the transaction from which his injuries arise. *See* N.Y. C.P.L.R. § 302(a) (stating the "arising from" requirement).

7

(granting Rule 12(b)(2) motion where plaintiffs advanced only "the most conclusory" assertions of control by defendant over putative agent without any support of "specific factual allegations"); *Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 420 (S.D.N.Y. 2006) (noting that control cannot be presumed and must be established by allegations of specific actions).[7]

In addition to these shortfalls, Bailey has not adequately alleged that the individual defendants exercised the requisite control over any agent's acts in respect of the transaction at issue.  To satisfy the control element, the complaint "must sufficiently detail the defendant's conduct so as to persuade a court that the defendant was a primary actor in the specific matter in question."  *Jonas*, 116 F. Supp. at 328; *see also Retail Software Servs., Inc. v. Lashlee*, 854 F.2d 18, 22 (2d Cir. 1988) (long-arm statute satisfied where defendants were "primary actors" in the New York transaction that was the source of the litigation).

In other words, a plaintiff cannot show control based merely on the individual defendant's position on the

---

[7] Bailey cites *United States v. Montreal Trust Co.*, 358 F.2d 239 (2d Cir. 1966), several times in his opposition brief, *see, e.g.*, Pl. Br. 15-16, but that case stands merely for the proposition that a court sitting in New York may exercise personal jurisdiction over a nondomiciliary defendant based on the acts of his agents in New York.  *See id.* at 243-44.  That proposition is not in dispute here.

corporation's organizational chart. *Jones*, 116 F. Supp. 3d at 328; *see also Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1149 (S.D.N.Y. 1995) (personal jurisdiction over CEO lacking where plaintiff "presented no evidence, nor even made any allegations, concerning [the CEO's] personal involvement with the activities giving rise to this suit"). Bailey's complaint says nothing concrete about what the individual defendants actually did, apart from the conclusory statement that each "participated [in] and caused or directed the defendant REI Co-op employees and staff to act as his agent in the marketing, selling and distribution of the defendant REI defective trekking poles." Am. Compl. ¶¶ 15-16. Bailey also asserts that Artz and Truesdale "directed or caused . . . the transactions of online business to supply goods or products in the State of New York," *id.* ¶¶ 12-13, but once again he says nothing about how or when.

This is a classic instance of legal conclusions being couched as factual allegations, and it is well established that such conclusions need not be credited. *See Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 196 (E.D.N.Y. 2018) ("conclusory non-fact-specific jurisdictional allegations or a legal conclusion couched as a factual allegation will not establish a *prima facie* showing of jurisdiction"); *ADP Inv. Commc'n Servs.,*

9

*Inc. v. In House Att'y Servs., Inc.*, 390 F. Supp. 2d 212, 219 (E.D.N.Y. 2005) (same).

Nor is it sufficient, as noted above, to rely on the individual defendants' job titles (about which Bailey says precious little, in any event). *See Jonas*, 116 F. Supp. 3d at 328 (no personal jurisdiction over individual defendant where "plaintiffs fail[ed] to allege even a single fact in support of his involvement in the transaction, save for a bare allegation that he was president and director" of a defendant corporation).[8] This stands in contrast to *Chloe*, *supra*, for example, in which the court relied on evidence (including deposition testimony and shipping records) showing that the defendant "either physically shipped or was responsible for the shipment of the counterfeit handbag from California to New York." 616 F.3d at 165.

The declarations of Artz and Truesdale only bolster this conclusion. As Bailey acknowledges, Artz is a resident of Washington State, while Truesdale is a resident of Arizona. Decl. of Eric Artz ("Artz Decl.") ¶ 1, ECF No. 26-1 at 16; Decl. of Anthony Truesdale ("Truesdale Decl.") ¶ 1; ECF No. 26-1 at

---

[8] Courts have also held that claims seeking to impute liability for a corporation's actions to individual corporate employees solely on the basis of their job titles cannot survive a motion to dismiss under Rule 12(b)(6). *See Krys v. Butt*, 486 F. App'x 153, 156 (2d Cir. 2012); *Trisvan v. Heyman*, 305 F. Supp. 3d 381, 407 (E.D.N.Y. 2018). Nevertheless, this Court reads the case law to dictate that when a plaintiff asserts personal jurisdiction based on an analogous corporate-position argument, the claims must be dismissed under Rule 12(b)(2) rather than 12(b)(6). *See Trisvan*, 305 F. Supp. 3d at 394-95.

18. Both Artz and Truesdale submit that they do not reside in; own or conduct business in; own, use, or possess real property in; pay taxes in; or derive revenue from New York. Artz Decl. ¶¶ 4-7; Truesdale Decl. ¶¶ 4-7. These declarations are unnecessary to, but surely buttress, the legal conclusion that personal jurisdiction is lacking over Artz and Truesdale pursuant to Section 302(a)(1) on the current state of the pleadings and record.

**B.   Alter-Ego Theory of Personal Jurisdiction**

Bailey also alludes to the "alter ego" theory of personal jurisdiction, contending (albeit obliquely) that Artz and Truesdale are alter egos of REI and are thus subject to jurisdiction for REI's actions in New York. *See* Am. Compl. ¶¶ 15-16; *see also* Pl. Br. 17 (invoking the "alter ego theory"). Under New York law, when an individual uses a corporation "to accomplish his own and not the corporation's business," that individual "may be held liable for the corporation's commercial dealings as well as for its negligent acts." *Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc.*, 933 F.2d 131, 138 (2d Cir. 1991). This is akin to the analysis of a request to pierce the corporate veil: the central question on the alter-ego analysis is whether REI was essentially a "shell" for the individual defendants to advance personal, rather than corporate, ends. *Id.*

11

To prevail under an alter-ego theory, a plaintiff must show that "the corporation has been so dominated by [the] individual . . . , and its separate identity so disregarded, that it primarily transacted the dominator's business rather than its own."  *Id.*  In determining whether a plaintiff has made the requisite showing, courts consider, among other factors, (1) the absence of corporate formalities, (2) inadequate capitalization, (3) the use of corporate resources for personal purposes, and (4) the amount of discretion that the purported alter-ego corporation exercises.  *See id.* at 139; *see also Packer v. TDI Sys., Inc.*, 959 F. Supp. 192, 202 (S.D.N.Y. 1997) (considering these factors).

Bailey's allegations do not come close to satisfying the factors identified by the Second Circuit.  He makes only conclusory assertions that REI is "believed to be the alter-ego" of both Artz and Truesdale.  Am. Compl. ¶¶ 12-13.  He does not allege, for example, that these defendants used REI's corporate funds for their own purposes, or that REI failed to observe corporate formalities.  *See, e.g., In re Lyondell Chem. Co.*, 543 B.R. 127, 146-47 (Bankr. S.D.N.Y. 2016).  This theory, then, provides no basis for the exercise of personal jurisdiction over Artz and Truesdale under Section 302(a)(1).

## IV. Conclusion

For the foregoing reasons, Bailey has failed to meet his burden to make a *prima facie* showing that this Court may exercise personal jurisdiction over Artz and Truesdale under Section 302(a)(1) of New York's long-arm statute. Accordingly, Bailey's claims against these defendants are dismissed without prejudice, pursuant to Rule 12(b)(2).

SO ORDERED.

                                                                   /s/ Eric Komitee
                                                                ERIC KOMITEE
                                                                United States District Judge

Dated:    September 23, 2023
            Brooklyn, New York