UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MATTHEW JAMES BAILEY,

                      Plaintiff,

      -against-                              **ORDER**
                                                  22 CV 1211 (EK) (CLP)
RECREATIONAL EQUIPMENT, INC., *et al.*,

                      Defendants.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

      On January 25, 2022, plaintiff Matthew James Bailey commenced this personal injury action in New York State Supreme Court, Queens County, against defendant Recreational Equipment, Inc. ("REI"), d/b/a REI Co-op, and Eric Artz and Anthony Truesdale, individually[1] (collectively "defendants"), alleging claims of design and manufacturing defect, breach of implied warranty, misrepresentation, strict liability and negligence, and seeking damages for injuries suffered when defendants' product – REI Co-op Summit Trekking Poles – suddenly bent and caused plaintiff to fall on mountain rocks, sustaining serious injuries. (ECF No. 1, Ex. A). On March 4, 2022, defendants removed the action to this Court, pursuant to 28 U.S.C. §§ 1332(a), 1441, 1446(a). (Id.)

      Currently pending before this Court is defendant REI's July 24, 2024 letter motion to compel responses to certain discovery requests. (ECF No. 56). On July 31, 2024, plaintiff filed a response to REI's letter motion. (ECF No. 59). Plaintiff also separately raised certain alleged

---

[1] The claims against Eric Artz and Anthony Truesdale were dismissed by the district court on September 23, 2023 for lack of personal jurisdiction. (ECF No. 47).

deficiencies in defendant REI's discovery responses by letter dated July 25, 2024 (ECF No. 57), to which REI filed a response on July 31, 2024 (ECF No. 58).

The Court addresses both letter motions below.

## DISCUSSION

I.  REI's Letter Motion to Compel

In its letter motion dated July 24, 2024, REI explains that on May 15, 2024, it sent plaintiff a letter detailing the deficiencies in plaintiff's responses to REI's document requests. (ECF No. 56 at 1). Although plaintiff addressed certain of the deficiencies in a letter dated May 17, 2024 (id., Ex. D), defendant complains that its attempts to schedule a meet and confer to discuss the other issues were declined. (Id.) Defendant outlines the specific requests that it believes require supplementation. (Id.)

In his letter dated July 25, 2024, plaintiff responds generally to defendant's claim of deficient responses, by stating that plaintiff "provided all the discovery materials in his possession," and that "plaintiff cannot provide what he does not have." (ECF No. 57 at 1-2). Plaintiff complains that defendant only raised these alleged deficiencies after plaintiff served his own interrogatories, "which is akin to bullying the plaintiff by defendant on the litigation's discovery." (Id. at 1). In that same letter, plaintiff raises his own concerns with respect to defendant's responses to his interrogatories. (Id. at 3). In his response to defendants' letter motion, dated July 31, 2024, plaintiff further argues that defendant is harassing plaintiff by "continuing to demand the same discovery" that plaintiff already provided, including production of records "beyond the scope of the discovery[.]" (ECF No. 59 at 1).

Before addressing plaintiff's issues, the Court addresses REI's requests.

2

  A. <u>Request No. 5</u>

In its Document Request No. 5, REI asked plaintiff to produce posts from his social media accounts "that relate to the subject incident and/or [Plaintiff's] alleged injuries arising from the subject incident." (ECF No. 56 at 2, Ex. A). Plaintiff objected to the request as "'overly intrusive and invasive designed to harass than for any reasonable purpose [sic].'" (<u>Id.</u>, Ex. B). The initial response did not assert that plaintiff had no responsive documents; it was only in response to REI's deficiency letter that plaintiff's counsel claimed he had no social media posts. (<u>Id.</u>) REI seeks an Order requiring plaintiff to: 1) produce all relevant social media posts; or 2) provide a sworn statement attesting to the fact that no such responsive documents exist, identifying the dates on which plaintiff closed his social media, including his Facebook, accounts, and describing the specific steps he took to locate and preserve any responsive documents. (<u>Id.</u>)

Given that it is well established that discovery of a party's social media information may provide relevant information about that person's emotional or mental state, physical condition, level of activity, impact on employment, and the injuries claimed, <u>Reid v. Ingerman Smith LLP</u>, 2012 CV 307, 2012 WL 6720752, at *1 (E.D.N.Y. Dec. 27, 2012) (citing <u>Sourdiff v. Texas Roadhouse Holdings, LLC</u>, 10 CV 408, 2011 WL 7560647, at *1 (N.D.N.Y. Oct. 24, 2011)), and given that the instant request is cabined to information relevant to this case, defendant's request is appropriate and not "intrusive" or "designed to harass," and plaintiff is Ordered to provide any responsive social media posts, or a sworn affidavit indicating that no such responsive documents exist. Furthermore, given plaintiff's testimony at his deposition that he previously had a Facebook account (<u>see</u> ECF No. 56, Ex. F), plaintiff is Ordered to provide a sworn statement indicating when the Facebook account and any other social media accounts were closed, and describe what efforts he made to locate any responsive documents.

B.      Request No. 14

In Request No. 14, REI seeks production of plaintiff's federal and state tax returns, W-2 statements, employment or consulting agreements, and pay stubs for the years 2016 through the present. (Id. at 2). Although plaintiff authorized REI to obtain his pay stubs from his employer, he has not produced his federal or state tax returns or W-2s. (Id.) Defendant contends that plaintiff is required to produce his tax returns. (Id.)

Although plaintiff does not directly address REI's request for plaintiff's federal and state tax returns, the Court denies the motion to compel these items. "Although income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" Uto v. Job Site Services Inc., 269 F.R.D. 209, 212 (E.D.N.Y. 2010) (quoting Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)). Nevertheless, courts will compel discovery of income tax returns if: "(1) the tax returns . . . [are] relevant to the subject matter of the action, and (2) a compelling need . . . exist[s] because the information is not readily obtainable from a less intrusive source." Sadofsky v. Fiesta Prods., LLC, 252 F.R.D. 143, 149 (E.D.N.Y. 2008). "The modern trend places the burden on the party seeking the discovery to establish both prongs of this test." Melendez v. Primavera Meats, Inc., 270 F.R.D. 143, 144 (E.D.N.Y. 2010).

Defendants, as the party moving to compel, have failed to satisfy the standard. Even assuming that the tax returns may be relevant to plaintiff's claims, defendants have failed to establish a compelling need for the tax returns. Indeed, defendant concedes that plaintiff provided authorizations for defendant to subpoena plaintiff's employer, who presumably had pay stubs and W-2s for the plaintiff. (ECF No. 56 at 2). In the absence of a showing of "compelling

4

need," Sadofsky v. Fiesta Prods., LLC, 252 F.R.D. at 149, the Court denies REI's motion to compel the production of plaintiff's tax returns.

    C.    Request No. 20

In Request No. 20, REI sought production of "all non-privilege[d] communications between [Plaintiff] and any person, including e-mail and text messages, that discuss[] or in any way relate[] to the subject incident, the subject trekking poles, and/or [Plaintiff's] alleged injuries." (ECF No. 56 at 3, Ex. A). Although plaintiff responded that no such documents exist, defendant submits that it is "implausible" that during the weeks and months following his injuries, he sent no text messages or emails to any of his family, friends, or colleagues about the incident, his surgery, or recovery. (Id.) Defendant asks that the Court order plaintiff to either produce responsive documents or submit an affidavit attesting to the fact that no such documents exist and describe the efforts made to search for such documents. (Id.)

In his letter dated July 25, 2024, plaintiff's counsel represents that plaintiff has already "responded to and maintained that he has no such texts, nor photographs, and did not take any photograph of the accident scene or his injuries." (ECF No. 57 at 2). Although unclear, it appears that plaintiff may be under the impression that the only requested information was "texts" and "photographs" of the scene or his injuries. Instead, defendant is asking for any emails or text messages in which plaintiff discusses his accident, his injuries, his surgery, and recovery.

Plaintiff is Ordered to provide an affidavit attesting to the fact that during the entire time following his accident, he sent no emails or text messages to any members of his family, his friends, or his work or other colleagues mentioning the accident, the injuries, his treatment, or any other issue relating to the accident. He also is directed to detail the steps taken to search for

5

any responsive emails or text messages, and whether he deleted any and if so, when. If plaintiff in fact has responsive documents, he is Ordered to produce them.

II.     Plaintiff's Motion to Compel Interrogatory Responses

In his July 25, 2024 letter, plaintiff contends that he served his First Set of Interrogatories on April 19, 2024, but that defendant "dump[ed] large non-responsive documents with no delineations or fully stated relevance, and did not fully answer or provide any particularized responses to the plaintiff's Interrogatories . . ." (ECF No. 57 at 1-2; Exs. 1, 2). Plaintiff asks the Court to direct defendant to cure its vague and generalized responses and to enter a Protective Order preventing defendant from engaging in "frivolous defense tactics, bullying and harassments of the plaintiff on his meritorious claim." (Id. at 3).

In response, defendant submitted a letter dated July 31, 2024, noting that despite three separate requests by defendant's counsel asking plaintiff to identify the specific interrogatory responses that plaintiff believed were deficient, plaintiff has neither provided that information to counsel, nor is it detailed in plaintiff's July 25, 2024 letter. (ECF No. 58 at 1 (citing ECF No. 55-1, 57, 57-2)). The only specific interrogatory discussed by plaintiff in his email exchange with REI's counsel related to Interrogatory No. 1, requesting the identities of employees at Fuko, Inc., the manufacturer of the trekking poles, who were responsible for testing. (Id. at 1, n.1; see also ECF No. 55-1). Defendant's response to this interrogatory was that it did not know which employees of Fuko were responsible for testing. (ECF No. 57-2). In the email exchange, plaintiff claimed that defendant did not previously disclose the entity Fuko, Inc., but defendant indicated that it had done so in August 2022, in its Answer to plaintiff's Amended Complaint. (ECF No. 58 at 1, n.1 (citing ECF No. 55-1 at 4-5)).

To the extent that plaintiff questions the response to Interrogatory No. 1, the Court finds defendant's response to be sufficient. Since plaintiff has only raised general objections to the

6

sufficiency of defendant's responses to other interrogatories, and has not specified a single additional interrogatory or explained how the response is deficient, the Court cannot rule on plaintiff's motion. If plaintiff wishes to challenge defendant's interrogatory responses as deficient, plaintiff must provide a written list of each allegedly deficient interrogatory, along with an explanation as to why plaintiff believes the response previously provided is deficient, and then schedule a meet-and-confer with defendant's counsel before bringing these issues to the Court.

## CONCLUSION

For the reasons set forth above, defendant's motion to compel is granted in part and denied in part. Plaintiff is to supplement his responses to REI's Document Request Nos. 5 and 20 on or before December 6, 2024. Defendant's motion to compel production of plaintiff's tax returns is denied.

To the extent plaintiff still wishes to challenge defendant's responses to plaintiff's First Set of Interrogatories, plaintiff should detail each allegedly deficient interrogatory and explain the alleged deficiencies and then meet and confer to resolve the issues. If any issues are not resolved, plaintiff may file a letter with this Court by December 13, 2024, with defendant's response due December 20, 2024.

On or before **December 20, 2024**, the parties are to submit a joint status report setting forth any additional discovery that needs to be conducted and proposing dates for completion of that discovery.

**SO ORDERED.**

Dated: Brooklyn, New York
November 21, 2024

/s/ Cheryl L. Pollak
Cheryl L. Pollak

7

_____
United States Magistrate Judge
Eastern District of New York